Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
T: 818.928.4445 I F: 818.928.4450
sevan@gorginianlaw.com
www.GorginianLaw.com

*Plaintiff in pro per*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>                          Debtors.<br><br>SEVAN GORGINIAN,<br><br>                          Plaintiff.<br><br>vs.<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>                          Defendant. | Bankruptcy No. 2:21-bk-18422-BB<br><br>Adversary No.<br><br>Chapter 7<br><br>COMPLAINT TO EXCEPT DEBT FROM DISCHARGE UNDER § 523(a)(2)(A) FOR FRAUDULENT MISPRESENTATIONS AND DENY DEBTORS' DISCHARGE UNDER § 727(a)(4) FOR FALSE OATHS AND MISREPRESENTATIONS |

Sevan Gorginian ("Plaintiff") bring this complaint against Chapter 7 debtors Rafik Bazikian and Anjel Termadovian ("Defendants" or "Debtors") in order for the Court to enter a judgment in favor of Plaintiff that the debt owed to Plaintiff is nondischargeable under Section 523(a)(2)(A) for fraudulent misrepresentations and to deny Debtors entire discharge as to all creditors under Sections 727(a)(4) for Debtors' knowingly and fraudulently making false statements in their bankruptcy papers.

**I.**

**JURISDICTION AND VENUE**

1. On November 3, 2021, Defendants filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case").

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C 157 and 1334. This is a core proceeding under 28 U.S.C. 157(b).

3. Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. 1049.

4. Federal Rules of Bankruptcy Procedure 4007(b) allows Plaintiff to bring this complaint at any time.

**II.**

**PARTIES**

5. Plaintiff is now and at all times relevant to the Bankruptcy Case an individual residing in Los Angeles County, in the State of California. Plaintiff is a creditor listed on Schedule F, and as such, has standing to bring the causes of actions addressed in this complaint.

6. Defendants are now and at all times relevant to the Bankruptcy Case individuals residing in Los Angeles County, in the State of California. Defendants filed the Bankruptcy Case subjecting themselves to the jurisdiction of this Court.

**III.**

**STATEMENT OF FACTS**

**BEFORE THE BANKRUPTCY CASE**

1. Defendants consulted with the Plaintiff on a total of five (5) occasions with the understanding that Defendants were to retain Plaintiff for his services and compensate him for his services.

2.      Defendants, including their son, Arshen Bazikian ("Arshen"), met with Plaintiff at his office on two separate occasions between September 10, 2021 and September 21, 2021.

3.      During all the meetings, Defendants made Plaintiff believe that he would be compensated for his service and considerable time in the preparation of their case.

4.      Plaintiff prepared all of the Defendants' bankruptcy papers and schedules and thereafter spent considerable time in his office reviewing said documents.

5.      Plaintiff engaged in numerous forms of communication with Defendants and their related professionals (i.e. workers compensation attorney and life insurance agent) without being paid any funds on the understanding and representations that Plaintiff would get compensated.

6.      When it came time for payment of services, Defendants ignored Plaintiff's request for payment and breached their obligations to pay. Plaintiff even offered a courtesy discount to satisfy the debt in full but it was ignored. Plaintiff spent, at minimum 10 hours on their case, which at $300 per hour amounted to $3,000 minimum.

7.      All throughout the months in the representation, Defendants and their son, Arshen, made misleading oral representations that they would pay for Plaintiff' services.

8.      Plaintiff relied on the oral representations that he would be compensated.

9.      Plaintiff made efforts to meet and confer, which were ignored and ridiculed.

10.     Plaintiff relied on Defendants' representations that he would be paid to his detriment.

11.     In lieu of payment, Defendants retained separate counsel and listed Plaintiff as a creditor.

12.     Defendants, through the help of their son, engaged in intentional fraudulent misrepresentations with a bad faith effort to procure Plaintiff's advice and preparation of the documents only to take it to another counsel to file the case.

**THE BANKRUPTCY CASE AND MATERIAL MISREPRESENTATIONS**

13. Defendants bankruptcy papers contain numerous areas of material misrepresentations that warrant denial of their entire discharge so that all creditors, including Plaintiff, may continue to prosecute them for their debts.

14. As outlined below in Claim V, the Defendants engaged in considerable omissions warranting denial of discharge. The questions asked in the bankruptcy papers are clear and unambiguous and Defendants chose to make material misrepresentations.

15. At their Section 341(a) meeting of creditors, they made further misrepresentations and failed to rectify them.

16. The Defendants bankruptcy papers contains numerous errors and they made no effort to rectify, amend or update the changes since then.

17. Defendants have committed fraud on the Court and on the Chapter 7 Trustee and allowing them to procure a discharge would be a grave injustice to the system.

### IV.
### FIRST CLAIM FOR RELIEF
### Section 523(a)(2)(A)

1. Plaintiff incorporates by reference all the allegations in ¶ 1-10, inclusive.

2. Pursuant to Section 523(a)(2)(A), a discharge under Section 727 does not discharge an individual debtor from a debt incurred for money…or an extension of credit, to the extent obtained by false pretenses, false representation, or actual fraud.

3. Defendants incurred a debt of $3,000.00 for retaining Plaintiff's services.

4. Defendants incurred such debt based on false pretenses when Defendants informed the Plaintiff on several occasions he would be paid for his services.

5. As such, the Court should enter a judgment in favor of Plaintiff that the debt owed for his services is nondischargeable under Section 523(a)(2)(A).

**V.**

**SECOND CLAIM FOR RELIEF**

**Section 727(a)(4)**

6. Plaintiff incorporates by reference all the allegations in ¶ 1-15, inclusive.

7. Pursuant to Section 727(a)(4) of the United States Bankruptcy Code, the debtor is exempted from discharge if the debtor knowingly and fraudulently, on or in connection with the case, made a false oath or account.

8. During their meeting of creditors, Defendants made a false oath in response to the Chapter 7 Trustees questions wherein they answered "no" to the question of "are there any errors or omissions in your papers that you would like to bring to my attention?"

9. Here, Defendant made numerous false oaths warranting denial of discharge under Section 727(a)(4), including but not limited to the following:

    a. Electronics listed as "None" which is impossible as every reasonable person has electronics, including but not limited to, cellphones, television sets, personal electronics, radio, etc.

    b. Jewelry listed at $1,500;

    c. Tax refunds owed to Debtors as "None", which is a material omission;

    d. Term life insurance with cash surrender balance of $3,517;

    e. Workers' Compensation Claim. DOI 2009. "Future Medicals" value listed as "Unknown";

    f. Exemption on Schedule C for 701.150(a) is incorrect;

    g. Addresses on Schedule F, which are omitted for several creditors, including Citibank and Comenity Bank which would divest those omitted creditors from knowing about the case and timely objecting if necessary;

    h. Money owed to their son Arshen is not listed on Schedule F;

    i. Gifts over $600 or more is omitted from SOFA.

    j. Schedule G – executory contracts/unexpired leases with Logix is missing for Debtors' vehicle;

k. Schedule H (Codebtors) – wrongfully states in part 2, that Debtors did not live with each other in the same state;

l. Schedule I (Income) contains material misrepresentations because, based on testimony, Debtor's son makes contributions, which is omitted from Schedule I, which implies that the Current Monthly Income (CMI) (Means Test) is also incorrect;

m. Statement of Financial Affairs ("SOFA") #5 that asks "did you receive income from any other source" is incorrect and omitted as Debtors received income from their son (family support), income from governmental support (i.e., stimulus payments, etc.);

n. SOFA #9 regarding whether Debtors are a party to any lawsuits is also erroneous as it fails to disclose the nature and name of plaintiff creditor;

o. SOFA #16 states that counsel of record's legal fee was paid by Debtors but during the 341(a) Meeting of Creditors, Debtors testified that their son paid the legal fee;

p. SOFA #18 fails to disclose the name of the person who received the transfer of the 2008 Freight Liner;

q. SOFA #27 fails to disclose the address of the business and the nature of Debtors' interest or EIN number.  Furthermore, SOFA #27 states that the business operated until June 2021 but on SOFA #'s 4 and 5, Debtors fail to disclose any income received; and

r. The Current Monthly Income (Form 122A-1) ("CMI") is also misleading and false because it fails to disclose other income the Debtors receive that were to be counted in the CMI.

s. Plaintiff believes and hereby alleges that Defendants failed to disclose all sources of income on their Bankruptcy Schedules;

t. Defendants made no effort to amend their papers to rectify the errors.

**VI.**

**PRAYER FOR RELIEF**

Defendants have engaged in fraudulent misrepresentations against the Plaintiff and they have also intentionally and fraudulently made false oaths, omissions and errors on their Bankruptcy Schedules which warrant denial of their discharge.

Plaintiff prays for judgment as follows:

1. The debt owed to Plaintiff, not less than $3,000, is nondischargeable per Section 523(a)(2)(A);

2. Defendants' discharge should be denied under Section 727(a)(4);

3. For such other relief as the Court deems just and proper.

Dated: January 29, 2022              /s/ Sevan Gorginian
                                     **Sevan Gorginian**
                                     *Plaintiff in pro per*