Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
T: 818.928.4445 I F: 818.928.4450
sevan@gorginianlaw.com
www.GorginianLaw.com

*Plaintiff in pro per*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>                                              Debtors. | Bankruptcy No. 2:21-bk-18422-BB<br>Adversary No. 2:22-ap-01032-BB<br><br>Chapter 7<br><br>OPPOSITION TO MOTION TO DISMISS<br><br>DECLARATION OF SEVAN GORGINIAN |
| SEVAN GORGINIAN,<br><br>            Plaintiff.<br><br>vs.<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>            Defendant. | Hearing<br>Date: March 15, 2022 at 2:00 p.m.<br>Location: 255 E. Temple Street, Suite 1539<br>            Los Angeles, CA 90012<br><br>Status Conference[1]<br>Date:  April 5, 2022 at 2:00 p.m.<br>Location:  255 E. Temple Street Suite 1539<br>            Los Angeles, CA 90012 |

### TO THE HONORABLE SHERI BLUEBOND AND DEFENDANTS:

Plaintiff Sevan Gorginian ("Plaintiff") submits this opposition to defendants Rafik Bazikian and Anjel Termadovian ("Defendants") *Motion to Dismiss Under FRCP 12(b)(6) Failure to State a Claim upon Which Relief Can Be Granted* ("Motion" or "Motion to Dismiss") [Dkt. 4]. The Motion should be denied because Plaintiff's complaint ("Complaint") contains more than sufficient facts, which when accepted as true under the

---

[1] For Court's and Parties' convenience, Plaintiff requests the Court continue the hearing on this Motion to be heard simultaneously with the status conference on April 5, 2022 at 2:00 p.m.

legal standard, to state a claim for relief that is plausible on its face under both Sections 523(a) and Section 727(a)(4).  Defendants, as the moving party, fail to carry their burden which warrants denial of the Motion since their Motion contains no evidence.

## I.

## PRELIMINARY STATEMENT

This case is about setting boundaries for clients to know that you cannot mislead attorneys to do considerable amount of work on your case, with promises of payment, only to then abscond with the work-product to hand over to another attorney to use.  The damages requested in the Complaint by Plaintiff is minimal, but this is about drawing a line in the sand with such clients who engage in deceitful misrepresentations, procure services they (for whatever reason) believe is free and not pay for it.  This case is also about denying a discharge to debtors who fail to truthfully disclose their assets to the Chapter 7 trustee and creditor body.

With respect to the merits of the case, Defendants' Motion to Dismiss fails because the Plaintiff's Complaint contains more than sufficient facts, which when accepted as true, demonstrating a claim for relief under Section 523(a)(2) because Defendants (along with their son) intentionally misled the Plaintiff to procure legal services without the intent to pay for that service.  Furthermore, the Complaint contains specific facts that outlines numerous areas wherein the Defendants intentionally lied and made a false oath on their bankruptcy papers.  The facts plead were specific and the causes of actions were specific.  Notwithstanding, the Defendants fails to carry their burden because the Motion to Dismiss contains no evidence, as required under LBR 9013-1(i), other than their counsel's arguments to support their position.

**II.**

**STATEMENT OF FACTS**

Facts in Support of Section 523(a)(2)(A)

In September of 2021, Defendants contacted Plaintiff for bankruptcy relief. Plaintiff spent over 10 hours between consultations and preparation of Defendants' bankruptcy case, including in-person meetings.  Defendants, along with their son Arshen Bazikian, led the Plaintiff to believe that he would be paid for his time and valuable services.  Plaintiff, as a debt relief agency, knows his obligation to enter into a retainer agreement within a certain time but Defendants were unwilling to enter into a retainer agreement early in the process and instead now attempt to use that as a defense for failure to pay by hiding behind the old "*we don't have a contract, so I don't have to pay you*" defense.  It appears that Defendants think you can procure legal services with the implied promise of paying later but only to raise the "we don't have an agreement" defense and not pay for such services.   After meeting with Defendants and communicating with them on several occasions (including Plaintiff speaking with Defendants' workers compensation attorney and their life insurance agent), then expending numerous hours preparing their papers and documents – that they believe they do not have to pay for such time and services.   Defendants' son, Arshen Bazikian, was present during the meetings and when asked, he said he would be covering his parents' legal fees.  Plaintiff contacted Defendants for partial payment for services rendered.   Plaintiff asked the son, Arshen, who promised to make the payments to make a partial payment, but it went ignored.  Plaintiff even discounted the partial payment to about $800, but that courtesy discounted was snubbed.   Defendants' son said (paraphrasing), "…*we have no contract, so neither myself nor my parents have to pay you*."   Instead, Defendants took the Plaintiff's recommendations and advice to have another bankruptcy attorney, Defendants' current counsel, use it to file their case instead. This is not the first time Plaintiff has not been paid by clients, it happens all the time – but, it is the first time that Plaintiff has been intentionally defrauded with promises of payment

for his services only to learn later, that the clients (Defendants) never actually meant to pay from the beginning but instead use him for 10+ hours of services, in-person meetings only to take the work-product and knowledge to have another counsel file it.  That is fraud on its face and supports excepting the debt from discharge under Section 523(a)(2).

<u>Facts in Support of Denial of Discharge for False Oath Section 727(a)(4)</u>

Defendants' bankruptcy papers also contain numerous omissions and errors that are not inadvertent but intentional and material with the intent to defraud the Chapter 7 Trustee and the creditor body.  The Complaint outlines, at minimum, 17 areas in the Defendants' bankruptcy papers that are untrue and false. To the Defendants, the omissions and errors appear immaterial; but the focus will be on the workers compensation claim and the life insurance cash value, which Defendants (through counsel's preparation) failed to accurately disclose for the Chapter 7 Trustee to review. The Defendants income is grossly miscalculated.  To the Defendants, listing information with barebones description is sufficient but it is not as it divests the Chapter 7 Trustee and U.S. Trustee from ascertaining the true value and extent of the asset. Notwithstanding, the Defendants testimony at their Section 341(a) meeting of creditors also contained false representations.  Upon the conclusion of discovery, the Plaintiff will procure more misrepresentations made in this case and allow the Chapter 7 Trustee to determine whether there are assets to be administered.

**III.**

**LEGAL STANDARD**

Under *Ashcroft v. Iqbal*, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1  alleged."  556 U.S. 662, 678 (2009).  To state a plausible claim for relief, a complaint
2  must satisfy two working principles:

3      First, the tenet that a court must accept as true all of the allegations contained in
4  the complaint is inapplicable to legal conclusions.  Threadbare recitations of the elements
5  of a cause of action, supported by mere conclusory statements, do not suffice….Second,
6  only a complaint that states a plausible claim for relief survives a motion to dismiss.
7  Determining whether a complaint states a plausible claim for relief will…be a context-
8  specific task that requires the reviewing court to draw on its judicial experience and
9  common sense.  But where the well-plead facts do not permit the court to infer more than
10 the mere possibility of misconduct, the complaint has alleged – but it has not "shown"—
11 that the "pleader is entitled to relief."  *Id*. citing Civil Rule 8(a)(2)).

12     Under Civil Rule 8(a)(2), the complaint "does not require a detailed factual
13 allegations" but "it demands more than an unadorned, the-defendant-unlawfully-harmed-
14 me accusation…A pleading that offers 'labels and conclusions' or a 'formulaic recitation
15 of the elements of a cause of action will not do.'  Id. citing *Bell Atlantic Corp. v. Twombly*,
16 550 U.S. 544, 555 (2007)).

17 **IV.**
18 **ARGUMENT**

19     The Motion to Dismiss fails because the Complaint pleads facts when accepted as
20 true, warranting exception of Plaintiff's debt from discharge under Section 523(a)(2)(A)
21 and denial of discharge under Section 727(a)(4).

22

23 **<u>Complaint Pleads Sufficient Facts To Survive Motion to Dismiss</u>**

24     The Complaint pleads, in detail, how Defendants misled the Plaintiff, which
25 supports the claim for Section 523(a)(2) to except the debt from discharge.  The
26 complaint also outlines 17 places Defendants lied and misled the Chapter 7 Trustee,
27 creditors and the Court which supports denial of discharge under Section 727(a)(4).  The
28 legal standard necessitates that Plaintiff plead sufficient facts, not detailed facts, and

without legal and mere legal conclusions.  This is a low standard and Plaintiff's complaint surpasses that.  Defendants did not think that Plaintiff would file such complaint to recover his legal fees and that is why they are shocked and make empty accusations that Plaintiff is out to make "*Defendant [sic] suffer and inflict pain as much as possible for refusing to pay for services that they never agreed to nor that they are legally required to pay for.*"  Motion to Dismiss Page 17: Lines 1-3.  Plaintiff is not an executioner in medieval times seeking to make Defendants "*suffer and inflict pain as much as possible*" but instead Plaintiff seeks to hold Defendants accountable, as grown adults, for their intentional misrepresentations and leading Plaintiff along to believe that he would get paid.  Plaintiff is also seeking to hold Defendants responsible for bringing their son, Arshen, to the meetings to make those false representations of payment.

### Section 526(c) Retainer Requirement

Again, Defendants hang their main argument for dismissal on the fact that there was no retainer agreement – the same argument they have raised for failing to pay. Lack of a signed agreement does not give a carte blanche permit to defraud professionals for their services.  Plaintiff, as a debt relief agency and practicing bankruptcy attorney in this district, is very well aware of the requirements as a debt relief agency.   Plaintiff, like in all of his cases over the last 8 years, was going to enter into a retainer agreement, per the requirements under Section 526, had the Defendants not ignored him.  When viewed holistically, it is apparent to Plaintiff that after the last meeting, the Defendants were never going to sign a retainer agreement because then they would feel compelled to pay but instead can use that as a defense (a weak one at that). Why would Defendants sign a retainer agreement with Plaintiff, at his request, if they were never going to be paid?  It makes no sense.

1   Despite no formal agreement, under California law, the Plaintiff has a right to

2   recover for services rendered under a quantum meruit[2] theory (i.e. Defendants' unjust

3   enrichment at the expense of Plaintiff's time and resources).   Defendants likely cheat

4   other professionals as well in procuring services and information and not paying for it.

5   Defendants are under an unwarranted belief that they can procure services from

6   professionals abscond with free information and services without paying for it and hide

7   behind the "we did not have a contract" defense.

8

9   <u>Plaintiff Has Standing to Bring Section 727(a)(4) Denial of Discharge</u>

10   Defendants' argument begins by first attempting to state that Plaintiff somehow

11   does not have standing to being his claim under Section 727(a)(4) because he is not a

12   "creditor."   *See* Motion at page 5, line 15-24.   This argument is confusing and wrong.

13   Plaintiff is owed money which makes him a creditor.  Notwithstanding, Defendants named

14   Plaintiff as a *creditor* on Schedule F, which completely goes against their argument now

15   that he is not a creditor warranting standing.   Defendants are just fearful that Plaintiff will

16   expose their misrepresentations and are grasping at every argument possible to avoid

17   this case from going forward.

18

19   <u>Plaintiff's Facts Under Section 727(a)(4) Survive a Motion to Dismiss</u>

20   The facts plead in the Complaint, when accepted as true under the standard,

21   provide sufficient basis to warrant denial of discharge under Section 727(a)(4).  Under the

22   legal standard established above, Plaintiff is not required to plead in detail the facts

23   supporting denial of discharge.   Plaintiff has, at the moment, raised 17 areas where

24   Defendants have made a misrepresentation in  their papers.  Defendants failed to amend

25

26

---

27   [2] Quantum meruit refers to the principle that the law implies a promise to pay for services performed under
circumstances disclosing that they were not gratuitously rendered.  The underlying idea behind is the law's
distaste for unjust enrichment.  Quantum meruit is equitable payment for services already rendered.   <u>See</u>
28   CACI No. 371 <u>citing</u> *E.J. Franks Construction, Inc. v. Sahota,* 226 Cal. App. 4th 1123 (2014).

1 their papers to rectify the mistakes.  Defendants, as debtors, have an obligation to submit

2 truthful and accurate information to the Chapter 7 Trustee and U.S. Trustee.

3      Focusing on two items specifically – the workers compensation claim and the life

4 insurance –Plaintiff will demonstrate at trial (especially after discovery) why these two

5 main assets were misrepresented.  Now, under the legal standard, the Court should

6 accept the facts as true and deny the Motion to Dismiss.

7      Also, because the Defendants failed to disclose all their income in the household,

8 the U.S. Trustee was misled in their attempt to determine whether this case should be

9 converted to Chapter 13 based on the household income.

10

11 **V.**

12 **CONCLUSION**

13      The Motion to Dismiss should be denied because the Complaint contains sufficient

14 facts, when accepted as true, to warrant relief under Sections 523(a)(2)(A) and 727(a)(4).

15 Plaintiff has plead sufficient facts to show how Defendants, along with their son, procured

16 legal services and information while harboring a ruse and ill intent to not pay Plaintiff.

17 This is evident in their refusal to even pay the courtesy discounted request of $800

18 because if they were not going to pay the discounted $800, then they never had any

19 intent to pay for the full amount.  Plaintiff has plead sufficient facts outlining numerous

20 areas where Defendants made false representations warranting denial of discharge too.

21      Defendants would love to quickly dispel this case through this Motion to avoid

22 discovery exposing their misrepresentations to the Chapter 7 Trustee.  In the event the

23 Court should grant the Motion, the Plaintiff requests leave to amend his Complaint.

24

25 Dated:  March 1, 2022

26 **Sevan Gorginian**
   *Plaintiff in pro per*

27

28

## DECLARATION OF SEVAN GORGINIAN

I, Sevan Gorginian, declare as follows:

1.     I am the plaintiff in this adversary case.  I am over the age of 18 and have personal knowledge of the facts set above. My address is 450 N. Brand Blvd. Suite 600 Glendale, CA 91203.  If called as a witness, I could and would competently testify thereto.

2.     In September of 2021, Defendants contacted me for bankruptcy relief.  I spent over 10 hours between consultations and preparation of Defendants' bankruptcy case, including in-person meetings.

3.     Defendants, along with their son Arshen Bazikian, led me to believe that he would be paid for my time and valuable services.  It appears that Defendants think you can procure legal services with the implied promise of paying later but only to raise the "we don't have an agreement" defense and not pay for such services.

4.     After meeting with Defendants and communicating with them on several occasions (including my speaking with their workers compensation attorney and their life insurance agent), then expending numerous hours preparing their papers and documents –they believe they do not have to pay for such time and services.

5.     Their son, Arshen Bazikian (not my client) was present during the meetings and said he would be covering his parents' legal fees.  After the last meeting between myself and Defendants, I contacted their son to make a partial payment. My requests went ignored.  I even gave a courtesy discount to $700 or $800.  Defendants' son replied (paraphrasing), "…*we have no contract, so neither myself nor my parents have to pay you*."  Apparently, they believe they can take advantage of valuable legal services and not pay for it.  Instead, Defendants took my advice and recommendations to have another bankruptcy attorney file their case instead.  This is not the first time I have not been paid by clients, it happens all the time – but, it is the first time that I have been intentionally defrauded with promises of payment for my services only to learn later, that the clients (Defendants) never actually meant to pay from the beginning but instead use

1  me for 10+ hours of services, in-person meetings only to take the work-product and

2  knowledge to have another counsel file it.

3

4  <u>Facts in Support of Denial of Discharge for False Oath Section 727(a)(4)</u>

5      6.  Defendants' bankruptcy papers also contain numerous omissions and errors that

6  are not inadvertent but intentional and material with the intent to defraud the Chapter 7

7  Trustee and the creditor body.   There are 17 areas in their bankruptcy papers that are

8  untrue and false.   Their testimony at their Section 341(a) meeting of creditors also

9  contained false representations.

10

11      I declare under penalty of perjury the laws of the United States of America and the

12  state of California that the above statements are true and correct. This declaration is

13  executed on March 1, 2022, in Glendale, California.

14

15                                        _____

16                                        Sevan Gorginian, Declarant

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  **450 North Brand Boulevard, Suite 600, Glendale, CA 91203.**  A true and correct copy of the foregoing **OPPOSITION TO MOTIONT TO DISMISS; DECLARATION OF SEVAN GORGINIAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **3/1/2022** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Sevan Gorginian**    sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
- **Roland H Kedikian**    roland@kedikian.com, g2547@notify.cincompass.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Edward M Wolkowitz (TR)**    emwtrustee@lnbyg.com, ecf.alert+Wolkowitz@titlexi.com

**II.  SERVED BY U.S. MAIL:** On **3/1/2022** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**III. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

3/1/2022        **Ani Minasyan**                                    /s/Ani MInasyan