ROLAND H. KEDIKIAN, ESQ. (193164)
LAW OFFICES OF ROLAND H. KEDIKIAN
220 S. Kenwood St. Ste 310
Glendale CA 91205
Telephone: (818)409-8911
Fax: (818)671-3207
Email: roland@kedikian.com

Attorney for Debtors
Rafik Bazikian & Anjel Termadovian

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In Re:<br><br>Rafik Bazikian & Anjel Termadovian<br><br> Debtors.<br><br>Sevan Gorginian<br><br>Plaintiff<br><br>v.<br><br>Rafik Bazikian & Anjel Termadovian<br>Defendant | Case # 2:21-bk-18422-BB<br>Chapter 7<br><br>AP No.: 2:22-ap-01032-BB<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS**<br><br>DATE:  March 15, 2022<br>TIME:  2:00 PM<br>COURTROOM:  1539<br>255 East Temple Street, Los Angeles, CA 90012, Courtroom 1539, 15th Floor.<br>See Zoom Meeting Notice as well. |

Defendants, Rafik Bazikian & Anjel Termadovian, hereby submit their reply to the opposition filed by Plaintiff to their motion to dismiss.

**Plaintiff Fails To Raise Any Credible Arguments As To Why He Is Not Subject To 11 Usc 526(C)(1) For  Failure To Execute A Written Contract With An Assisted Person Under 11 Usc 528 (A)(1) .**

It is incredible that Plaintiff asks this court to "set boundaries for clients to know that ..." when Plaintiff himself neither respects nor complies with boundaries set by Congress under 11 USC 526 and 527 and 528 to protect assisted persons.

527(b) requires the Plaintiff to disclose:

"IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER. "If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone."

Plaintiff never pleads that he provided the required notice under 11 USC 527(b). Plaintiff never pleads how much he allegedly agreed orally to charge Defendant and for what services. Defendants are within their rights to not agree to anything until a written contract is signed which Plaintiff acknowledges Defendants did not. The Burden is on the Plaintiff to produce the notice and produce a contract which Defendant may choose not to agree too.  The law is very clear that

> Any contract for bankruptcy assistance between a debt relief agency and an assisted person that does not comply with the material requirements of this section, section 527, or section 528 **shall be void and may not be enforced** by any Federal or State court or by any other person, other than such assisted person.

Plaintiff asks this court to simply ignore sections 526, 527 and 528 and create new law under quantum meruit theory where he does not even cite any authority that would supersede a specific federal law requiring notice and contract as stated in 11 USC 527 and 528.

This court should be concerned of the predatory behavior of Plaintiff in luring clients with free consultations. Never providing them with the required notices. Never entering into a written agreement. And then turn around and charge them for not wanting to retain him. The fact that Plaintiff says "its not the first time he has not been paid" coupled with aggressive collection attempts as in this case, should be of great concern to this Court and the exact reason as to why Congress enacted sections 526, 527 and 528 as consumer protection statutes from predatory practices such as that of Plaintiff.

What is clear from the pleadings by Plaintiff himself is that there is no written contact and therefor Plaintiff's claim of oral contract, assuming there is one which he never specifies the

details of, is void and unenforceable. Accordingly pursuant to 11 USC 526 (c)(1) Defendants request the Court dismiss Plaintiff's 523 claim as void and unenforceable as a matter of law.

### **<u>Plaintiff Self Serving Definition Of Himself As A Creditor Does Not Give Him Standing In Bringing A Case Under 727(A) .</u>**

Plaintiff asks this court to adopt his definition of a <u>creditor</u> and what a <u>claim</u> is when Congress clearly defined both. 11 USC 101(10)(A) defines a creditor as an entity that has a claim. And 11 USC 101 (5) defines a claim as a right to payments.

If the Court finds that Plaintiff's claim is void under 11 USC 526(c)(1), then the Plaintiff has no "right to payment" and is therefore no longer a claim as defined under 11 USC 101(5). Accordingly, Plaintiff would no longer be a creditor and can not bring an objection under 727(c)(1) to discharge under 727(a) .

Plaintiff's claim that he is "owed money" therefore is a creditor regardless whether his claim is void and unenforceable is contrary to the definition under 11 USC 101 as a creditor and more specifically contrary to 11 USC 528 which precludes Plaintiff from bringing any action in federal or state court.

As previously stated in the motion, Debtors listed Plaintiff in its schedule as a <u>disputed</u> creditor/claim as is required for notice purposes. Defendants are not afraid of the Plaintiff exposing anything. Defendants have fully cooperated with the chapter 7 trustee and would cooperate with any US Trustee. What Defendants do not want is being frivolously harassed by Plaintiff who clearly has a personal vendetta against Defendants for not being intimidated by his predatory and illegal behavior. Plaintiff's full scope of threats, exaggerations, intimidation and half truths will come to this courts attention in due course in an appropriate motion. But we will stay

focused on the issue at hand for now. Defendants respectfully requests the entire objection to discharge under 727(a) be dismissed for lack of standing as a matter of law.

### Plaintiff's First Claim Under 523(A)(2)(A) Continues To Lack Particularity Of Facts And Are Mere Conclusory Statements With Unwarranted Deductions Of Fact And Unreasonable Inferences.

The rule is clear under rule 9(b) of civil procedure that plaintiff has to state facts with particularity when alleging fraud. Furthermore the court does not have to accept as true "allegations that are merely conclusory, unwarranted deduction of fact, or unreasonable inferences." Daniels-Hall v. National Education Association 629 F.3d 992, 998 (9th Cir 2010). A complaint that relies upon "labels and conclusions, and a formulaic recitation of elements of a cause of action" does not suffice to state a cause of action. Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 555 (2007). Simply put plaintiff has to state when, where, how, and even by whom, or what words were even uttered, or what were the terms of the alleged oral agreement including fees that Plaintiff was contemplating charging Defendants. Plaintiff does none of these.

In this particular case, Plaintiff has to also plead with particularity how and when he complied with the disclosure requirement of 527 and contract requirement of 528 just to be able to have this Court hear his claim. Plaintiff can not and does not.

Contrary to Plaintiff's statement in his opposition, this Defendant does not need to provide facts at this stage as this is not a motion for summary judgment but only a motion for failure of Plaintiff to plead his case.

The Court should reject the unwarranted deductions of facts by Plaintiff and unreasonable inferences by Plaintiff where he claims he was defrauded of information. It simply makes no sense for Defendants to engage in this unclear scheme to defraud Plaintiff only to seek anoth-

er attorney and pay the current attorney for the same information. Current counsel has been practicing in Bankruptcy for 25 years and certainly does not need the Plaintiff's advise.

Regardless of what Plaintiff may ultimately plead, by the Plaintiff own words, Plaintiff can not plead there was a written contract for bankruptcy services as required under 528 and therefor this case must be dismissed without leave to amend.

**Plaintiff's Second Claim Under 727(A)(4) Also Fails To State Facts That Debtor Knowingly And Fraudulently Made False Oath Or Account.**

Again the claim under 727 is that Defendant somehow made fraudulent oath and he made them knowingly in the petition. A claim of fraud requires particularity that Plaintiff never provides. After the initial barrage of 17 claims of errors, which Plaintiff neither provides facts that they were made knowingly or fraudulently, Plaintiff seems to have settled for two that he seeks this court to provide him with an opportunity to do discovery. Plaintiff could have done a 2004 exam. Consistent with his previous pre-petition aggressive behavior, Plaintiff threatened and postured for a 2004 exam after the 341a hearing but never carried through.

Defendants in their motion contradicted each of the alleged 17 errors raised by the Plaintiff to this court. Furthermore neither the chapter 7 trustee nor the US trustee raised any questions. Even the Plaintiff never requested any corrections or any information from Defendants prior to bringing this adversarial proceedings. Plaintiff's sole purpose is to harass these Debtors for standing up and refusing Plaintiff's extortion for payment of fees that were never agreed to, never earned, nor legal.

Plaintiff's own failure to comply with 526, 527 and 528, coupled with Plaintiff's predatory practices, was the impetus that lead to this adversarial proceedings and should not be rewarded or tolerated by this Court. Regardless of what Plaintiff pleads, Plaintiffs claim is void for violating 528 and must be dismissed and as such he would have no standing to bring a 727 action.

### III.

### **CONCLUSION**

WHEREFORE, Defendant counsel seeks an order:

1. Striking the entire complaint without leave to amend.

2. Allow counsel for Defendant opportunity to bring a motion under 11 USC 526(c)(2) for reasonable attorney fees.

3. Any other relief this court may feel appropriate.

Executed on 3/7/2022, in Glendale, California
By:

ROLAND H. KEDIKIAN, ESQ.
Attorney for Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
220 S. Kenwood St. Ste 310 Glendale CA 91205

A true and correct copy of the foregoing document entitled (*specify*): _____
_____
 REPLY TO OPPOSITION TO MOTION TO DISMISS _____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/07/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 03/07/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
   Honorable Sheri Bluebond 255 E. Temple Street, Suite 1534 Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/07/2022 | roland kedikian | /s/roland kedikian |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**