

Sevan Gorginian (SBN 298986)
**Law Office of Sevan Gorginian**
450 N. Brand Boulevard, Suite 600
Glendale, California 91203
T: 818.928.4445 I F: 818.928.4450
sevan@gorginianlaw.com
www.GorginianLaw.com

*Plaintiff in pro per*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>Debtors.<br><br>SEVAN GORGINIAN,<br><br>            Plaintiff.<br>vs.<br><br>RAFIK BAZIKIAN and ANJEL TERMADOVIAN,<br><br>            Defendant. | Bankruptcy No. 2:21-bk-18422-BB<br><br>Adversary No.  2:22-ap-01032-BB<br><br>Chapter 7<br><br>FIRST AMENDED COMPLAINT FOR:<br>• § 523(a)(2)(A); and<br>• § 727(a)(4)<br><br><u>Status Conference</u><br>May 31, 2022 at 2:00 p.m.<br>Judge Sheri Bluebond Courtroom<br>via ZoomGov |

Sevan Gorginian ("<u>Plaintiff</u>") brings this complaint against his former clients, Chapter 7 debtors Rafik Bazikian and Anjel Termadovian ("<u>Defendants</u>" or "<u>Debtors</u>") in order for the Court to enter a judgment in favor of Plaintiff that the debt owed to Plaintiff is nondischargeable under Section 523(a)(2)(A) and thereafter also under Sections 727(a)(4) of the United States Bankruptcy Code.

**I.**

**JURISDICTION AND VENUE**

1.    On November 3, 2021, Defendants filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Case").

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C 157 and 1334.  This is a core proceeding under 28 U.S.C. 157(b).

3.    Venue properly lies in this judicial district in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. 1049.

4.    Federal Rules of Bankruptcy Procedure 4007(b) allows Plaintiff to bring this complaint at any time.

**II.**

**PARTIES**

5.    Plaintiff is now and at all times relevant to the Bankruptcy Case an individual residing in Los Angeles County, in the State of California.  Plaintiff was the former bankruptcy counsel to Defendants before the Bankruptcy Case was filed through different counsel.  As such, Plaintiff has standing to bring the causes of actions addressed in this complaint.

6.    Defendants are now and at all times relevant to the Bankruptcy Case individuals residing in Los Angeles County, in the State of California.  Defendants filed the Bankruptcy Case subjecting themselves to the jurisdiction of this Court.

[Intentionally Left Blank]

### III.

### STATEMENT OF FACTS

**BEFORE THE BANKRUPTCY CASE**

1.     Defendants consulted with the Plaintiff on four separate occasions with the understanding that Defendants were to retain Plaintiff for his services and pay him for his services prior to the bankruptcy case being filed.

2.     Defendants, including their son, Arshen Bazikian ("Arshen"), met with Plaintiff at his office between September 10, 2021 and September 21, 2021.

3.     During all the meetings, the Defendants represented that they would pay Plaintiff for his services.

4.     Also during these times, the Defendant's son – Arshen – made oral representations that he would also pay for the Plaintiff's legal services, in case his parents could not pay it.

5.     Plaintiff met with Defendants, and their son Arshen, and discussed numerous matters containing their bankruptcy preparation and documents.

6.     At all times, both Defendants and their son Arshen made oral representations that they would pay for Plaintiff's services and sign a retainer agreement.

7.     Defendants were hesitant to sign a retainer agreement initially but kept asking for more meetings to review more matters.

8.     Plaintiff, on good faith and conscious as a debt relief agency, relied on the Defendants and their son's representations that they would sign a retainer and pay for his services.

9.     Plaintiff spent numerous hours on their case with the representations from Defendants and their son that he would get paid.

10.    Plaintiff prepared all of the Defendants' bankruptcy papers and schedules.

11.    Plaintiff communicated with Defendants on the Defendants' case without being paid any funds.

12.    There was no written retainer agreement signed because Defendants failed to sign any such retainer agreement knowing that then there would be some written obligation evidencing their commitment.

13.    Defendants, including their son, knew that if they kept their representations merely to oral statements, then they would have a better chance of hiding behind their weak defense of "we did not sign anything, so we don't owe you any money."

14.    When it came time for payment of services, the Defendants ignored Plaintiff's request for payment.  Plaintiff even offered a low $700.00 as partial payment to satisfy the debt in full.

15.    After numerous attempts to ask for payment, including Plaintiff significantly discounting his fees to $700, the Defendants and their son ignored such request.

16.    In fact, this was all a ruse because Defendant's son finally responded to the Plaintiff in an email cementing their intent to never pay by essentially arguing that since there was no written agreement, they were not obligated to pay.

17.    Arshen said in an email to Plaintiff "*And my dad not me didn't agree on any amount prior to signing paper*".  See **Exhibit A** for copy of email communications.

18.    California law allows for contracts to be formed through oral representations under a quantum meriut theory or unjust enrichment.

19.    Defendants, like so many before them, have continually taken advantage of Plaintiff's exceptional legal services by procuring these services with no intent to pay but lead the Plaintiff to believe that he would be paid.

20.    Plaintiff also complied with his requirements as a Debt Relief Agency as defined by the Bankruptcy Code and provided the Defendants the required disclosures.

21.    Defendants wrongfully accuse Plaintiff of not complying with the requirements of a "Debt Relief Agency"; however, what is hypocritical is that Defendants themselves do not know the requirements of a "Debt Relief Agency" but instead are relying on a cheap and far fetched excuse from their counsel of record to fend of having to pay for their debts.  This is no different than Defendants hiding behind the "we don't have a written

agreement so we don't have to pay you" defense but now it is resorted to "you (Plaintiff) did not comply with the requirements as a Debt Relief Agency and therefore you cannot get paid for your time spent on this case.  Both arguments are ridiculous and false and goes to show the efforts the Defendants are willing to reach to avoid having to pay for their debts.

22.    All throughout the months in the representation, Defendants made oral representations that either they would pay for Plaintiff' services or their son, Arshen Bazikian, would pay for the services.

23.    Plaintiff made efforts to meet and confer, which were ignored.

24.    Plaintiff relied on the Defendants' representations that he would be paid to his detriment.

25.    In lieu of payment, Defendants retained separate counsel and listed Plaintiff as a creditor.

26.    The bankruptcy petition, schedules and financial affairs contain numerous omissions that warrant denial of discharge.

**IV.**

**FIRST CLAIM FOR RELIEF**

**Section 523(a)(2)(A)**

27.     Plaintiff incorporates by reference all the allegations in ¶ 1-25, inclusive.

28.    Pursuant to Section 523(a)(2)(A), a discharge under Section 727 does not discharge an individual debtor from a debt incurred for money…or an extension of credit, to the extent obtained by false pretenses, false representation, or actual fraud.

29.    Defendants incurred a debt of $2,000 for utilizing Plaintiff's services over several occasions in September of 2021.

30.    Defendants made oral statements to Plaintiff that they would retain him and pay for his services prior to the filing of the bankruptcy case.

31.   Plaintiff, on Defendants express oral representations, relied on their assurance that he would get paid.

32.   In lieu of signing a retainer agreement, which was offered to Defendants, they (Defendants) instead kept avoiding having to sign the retainer agreement and kept insisting that they would sign later prior to filing.

33.   Defendants son, Arshen, also made representations to Plaintiff that he would cover his parents' debts to Plaintiff for the numerous hours of services spent on the case.

34.   Again, Plaintiff relied on Arshen's representations that he would be paid to his detriment.

35.   Defendants made the oral representations on numerous meetings with Plaintiff to procure more services, more knowledge, more insight without ever harboring the intent to pay for such services.

36.   Instead, Defendants procured all of these services from Plaintiff and went to another bankruptcy counsel to help file the case.

37.   When Plaintiff offered a good faith discounted rate of $700 to pay the debt in full, it was scoffed at by Defendants and their son.

38.   If they were not willing to pay the reduced $700 then it is evident on its face that they did not intend to pay for the full amount of the retainer at all during the initial consultations for services.

39.   Defendants, like so many before them, merely shop around to procure free advice with fake promises of payment but only to abscond with the bankruptcy papers and free advice to another attorney.

40.   Defendants conduct was based on a false pretense to cause Plaintiff to continually extend his services and provide continual advice and services with no intent to pay him.

41.   Plaintiff met with Defendants in the evening hours to accommodate their schedule without any gratitude or payment.

42.    Instead, Defendants now hide behind their attorney's excuse of a defense that Plaintiff did not have a written agreement and therefore excuses and absolves their liability under fraudulent misrepresentations.

43.    Plaintiff believes and will prove at trial that neither Parshen nor the Defendants had the money in their bank accounts to pay for Plaintiff's services in September 2021.  This will demonstrate that their inability to pay and support Plaintiff's position that they never harbored the intent to pay either.

44.    Defendants incurred such debt based on false pretenses when Defendants informed the Plaintiff on several occasions he would be paid for his services.

45.    As such, the Court should enter a judgment in favor of Plaintiff that the debt owed for his services is nondischargeable under Section 523(a)(2)(A).

## V.

## SECOND CLAIM FOR RELIEF

### Section 727(a)(4)

46.    Plaintiff incorporates by reference all the allegations in ¶ 1-15, inclusive.

47.    Pursuant to Section 727(a)(4) of the United States Bankruptcy Code, the debtor is exempted from discharge if the debtor knowingly and fraudulently, on or in connection with the case, made a false oath or account.

48.    Here, Defendant made numerous false oaths warranting denial of discharge under Section 727(a)(4), including but not limited to the following:

    a. Workers' Compensation Claim. DOI 2009. "Future Medicals" value listed as "Unknown";

        i. This is a significant misrepresentations that the Defendants did not know the value of the Workers' Compensation Claim.  The actual amount is $54,000 which was known to Defendants at the time of the bankruptcy filing.   Defendants also likely attempted to divert these funds to their son to avoid the Chapter 7 Trustee from having

to collect on the amount for the best interest of the estate.  It was only after the deadline to object to exemption did Defendant's counsel send the workers compensation claim information to the Trustee.

    ii.  See **Exhibit B** for a copy of the Workers Compensation Claim received through Rule 26(a) initial disclosures.

    iii.  This is an intentional misrepresentation and omission from the Bankruptcy Schedules.

b.  Electronics listed as "None";

    i.  This is a misrepresentation because Defendants do have electronics (cellphone, television, and other personal property). The value of which is unknown and could exceed the exemption limit thereby misleading the Chapter 7 trustee and creditors.  It is categorically impossible for any debtor not to have any electronics.

c.  Jewelry listed at $1,500.00

    i.  This is a misrepresentation because Defendants have more jewelry than $1,500 and this was likely listed by their counsel without an inquiry as to the actual value.  Plaintiff believes the Defendants have more jewelry than the $1,500 limit they disclosed.

d.  Tax refunds owed to Debtors as "None";

    i.  This is a misrepresentation pending disclosure of their tax return for 2021 evidencing whether they actually did not receive any tax refund that should be property of the estate.

e.  Term life insurance with cash surrender balance of $3,517.00;

f.  Exemption on Schedule C for 701.150(a) is incorrect;

    i.  This is an intentional mischaracterized exemption to exempt property of the estate.

g. Addresses on Schedule F, which are omitted for several creditors, including Citibank and Comenity Bank;

  i. These creditors were divested of receiving notice likely due to the fact that Defendants intentionally incurred debt or cash advances from them.   This was done so later the Defendants can use the In re Beezley case to hide behind their misconduct.   All creditors have a right to receive notice and take part in the bankruptcy process to protect their claim.

h. Money owed to their son Arshen is not listed on Schedule F;

  i. Failing to list all creditors including their son also avoids the Chapter 7 trustee's scrutiny that the Defendants did pay their son on account of a loan within 1 year of the bankruptcy case (i.e. avoidable preferential transfer).  This was an intentional omission to avoid the Trustee from having to pursue the Defendants' son to demand funds be returned.

i. Schedule G – executory contracts/unexpired leases with Logix is missing for Debtors' vehicle;

j. Schedule H (Codebtors) – wrongfully states in part 2, that Debtors did not live with each other in the same state;

k. Schedule I (Income) is misleading because, based on testimony, Debtor's son makes contributions, which is omitted from Schedule I, which implies that the Current Monthly Income (CMI) (Means Test) is also incorrect;

  i. The Defendants CMI cacluation is misleading to the U.S. Trustee and Chapter 7 Trustee because it fails to identify the income and support paid ot them from their son.  This was not inadvertent but intentional to avoid scrutiny of a possible Chapter 13 conversion.

l. Statement of Financial Affairs ("SOFA") #5 that asks "did you receive income from any other source" is incorrect and omitted as Debtors

received income from their son (family support), income from governmental support (i.e., stimulus payments, etc.);

m. SOFA #9 regarding whether Debtors are a party to any lawsuits is also erroneous as it fails to disclose the nature and name of plaintiff creditor;

n. SOFA #16 states that counsel of record's legal fee was paid by Debtors but during the 341(a) First Meeting of Creditors, the Debtors testified that their son paid the legal fee;

　　i. Again, this was intentional omission and mischaracterization.  The Defendants failed to disclose who paid counsel's fee.

o. SOFA #18 fails to disclose the name of the person who received the transfer of the 2008 Freight Liner;

　　i. Plaintiff reserves his right ot investigate the transferee of the 2008 Freight Liner because it is very likely an insider who received such vehicle to hold until the Defendant's bankruptcy case is over.

p. SOFA #27 fails to disclose the address of the business and the nature of Debtors' interest or EIN number.  Furthermore, SOFA #27 states that the business operated until June 2021 but on SOFA #'s 4 and 5, Debtors fail to disclose any income received; and

q. The Current Monthly Income (Form 122A-1) ("CMI") is also misleading and false because it fails to disclose other income the Debtors receive that were to be counted in the CMI.

**VI.**

**RESERVATION OF RIGHTS**

Plaintiff reserves his right to amend this complaint to bring further claims for relief.

## VII.

## PRAYER FOR RELIEF

Plaintiff prays for judgment as follows:

1.    The debt of not less than $2,000 owed to Plaintiff is nondischargeable per Section 523(a)(2)(A);

2.    Defendants' discharge should be denied under Section 727(a)(4);

3.    For reasonable fees and costs of suit incurred herein because this is an action to collect on the debt owed to Plaintiff and there exists an Attorneys' Fees Clause; and

4.    For such other relief as the Court deems just and proper.

Dated:  April 15, 2022

/s/ Sevan Gorginian
**Sevan Gorginian**
*Plaintiff in pro per*

# EXHIBIT A

M Gmail                                                                              **Sevan Gorginian <sevan@gorginianlaw.com>**

_____

## Bankruptcy fee payment

**Arshen Bazikian** <arshenbazikian@gmail.com>                         Tue, Oct 26, 2021 at 12:40 PM
To: "Sevan Gorginian, Esq." <sevan@gorginianlaw.com>

Hi Sevan
So we decided not to go through with it. And my dad not me didn't agree on any amount prior to signing paper. Thank you for your time

On Tue, Oct 26, 2021 at 12:27 PM Sevan Gorginian, Esq. <sevan@gorginianlaw.com> wrote:

Arshen:

It's been 2 weeks ago and I have not received a response.  When is the balance of my $700 going to be paid?

As a reminder, I spent 4 hours on your dad's case including 2 full meetings (one in my conference room and one in my office with your parents) and we also spent time preparing all of the bankruptcy papers. For all of this time, you or your dad need to pay $700.

Sevan Gorginian, Esq.
Bankruptcy I Family Trusts

450 North Brand Blvd., Suite 600
Glendale I California I 91203
**Tel**: 818.928.4445 I **Fax**: 818.928.4450
www.GorginianLaw.com

We Are a Debt Relief Agency Helping People Get a Fresh Start.

CONFIDENTIALITY NOTICE: The contents of this email are intended for the addressee(s) and may contain confidential or privileged information and may be legally protected from disclosure. If you received this email by accident then please immediately let me know by replying to this email and then please delete the email.  Use of this email or storing it if it is not yours is prohibited under the law. Thank you.

On Sat, Oct 16, 2021 at 8:50 AM Sevan Gorginian, Esq. <sevan@gorginianlaw.com> wrote:

Arshen:

I sent an invoice for my time spent on your parents bankruptcy case so far.  We have basically completed 90% of their case and spent a lot of time already and I need a partial payment of $700 to be paid.  If your parents go forward with the bankruptcy, then I will credit that to the total.

You will receive a link from LawPay to pay the payment.

Thanks.

Sevan Gorginian, Esq.
Bankruptcy I Family Trusts

450 North Brand Blvd., Suite 600
Glendale I California I 91203
**Tel**: 818.928.4445 I **Fax**: 818.928.4450
www.GorginianLaw.com

We Are a Debt Relief Agency Helping People Get a Fresh Start.

# EXHIBIT B

STEVEN B. SILBART, M.D.
A MEDICAL CORPORATION

DIPLOMATE OF THE AMERICAN BOARD OF ORTHOPAEDIC SURGERY
FELLOW OF THE AMERICAN ACADEMY OF ORTHOPAEDIC SURGEONS
FELLOW OF THE AMERICAN COLLEGE OF SURGEONS

WESTWOOD MEDICAL PLAZA
10921 WILSHIRE BOULEVARD
SUITE 604
LOS ANGELES, CALIFORNIA 90024

TELEPHONE (310) 443-2260

TELECOPIER (310) 443-2268

January 17, 2022


TENNENHOUSE, MINASSIAN & ADHAM
1101 N. Pacific Avenue, Suite 300
Glendale, CA 91202

Attention: Martin Tennenhouse

UNINSURED EMPLOYERS' BENEFITS TRUST FUND
1515 Clay Street - 17th Floor
Oakland, CA 94612

Attention: Susan Llarena

                    RE:   BAZIKIAN, Rafik
                    DOB:  7/1/1961
                    SS#:  XXX-XX-4141
                    EMP:  Masis Khodadadi, Zareh Khodadadi
                          dba New Image Cabinetry
                    D/I:  2/5/09
                 CLAIM#:  UEF6822028
            WCAB/EAMS#:   ADJ 6822028


<u>REQUESTED AME SUPPLEMENTAL MEDICAL-LEGAL EVALUATION</u>


This report is submitted at the request of one of the parties
cc'd to the other party to address the requested issues. The
patient's entire medical file was reviewed in preparation of
this report.

Mr. Bazikian's range of motion measurments for each right hand
digit, is digital, hand, upper extremity, and Whole Person
Impairment calculations are outlined as follows:

STEVEN B. SILBART. M.D.

Page 2
January 17, 2022
RE: BAZIKIAN, Rafik

| Right Index: | MP Flexion | 100 | 0 |
|---|---|---|---|
| | MP Extension | 0 | 0 |
| | PIP Flexion | 40 | 36 |
| | PIP Extension | 0 | 0 |
| | DIP Flexion | 35 | 18 |
| | DIP Extension | -20 | 4 |

| Right Long: | MP Flexion | 100 | 0 |
|---|---|---|---|
| | MP Extension | 0 | 0 |
| | PIP Flexion | 40 | 36 |
| | PIP Extension | 0 | 0 |
| | DIP Flexion | 35 | 18 |
| | DIP Extension | -20 | 4 |

| Right Ring: | MP Flexion | 100 | 0 |
|---|---|---|---|
| | MP Extension | 0 | 0 |
| | PIP Flexion | 40 | 36 |
| | PIP Extension | 0 | 0 |
| | DIP Flexion | 35 | 18 |
| | DIP Extension | 0 | 4 |

| Right Small: | MP Flexion | 100 | 0 |
|---|---|---|---|
| | MP Extension | 0 | 0 |
| | PIP Flexion | 40 | 36 |
| | PIP Extension | -30 | 11 |
| | DIP Flexion | 35 | 18 |
| | DIP Extension | 0 | 0 |

| | Digit | Hand (Table 16-1) | Upper extremity (Table 16-2) | W.P.I. (Table 16-3) |
|---|---|---|---|---|
| Index: | 58 | 12 | 11 | 7 |
| Long: | 58 | 12 | 11 | 7 |
| Ring: | 58 | 6 | 5 | 3 |
| Small: | 65 | 7 | 6 | 4 |

Mr. Bazikian's valid span of Total Temporary Disability is from the date of injury (February 5, 2009) through the date he began his subsequent employment approximately one year later: the patient could not state the exact starting date of that subsequent employment.

If I may be of any further assistance to the parties, please feel free to contact the undersigned.

ML-203 Supplemental Medical-Legal Evaluation:

STEVEN B. SILBART, M.D.

Page 3
January 17, 2022
RE: BAZIKIAN, Rafik

I declare under penalty of perjury that the information contained in this
report and its attachments, if any, is true and correct to the best of my
knowledge and belief, except as to information I have indicated I have
received from others. As to that information, I declare under penalty of
perjury that the information accurately describes the information provided to
me and, expect as noted herein, that I believe it to be true.

According to the Labor Code Section 5703, I declare, under penalty of
perjury, that I have not referred the patient to a clinical laboratory,
diagnostic procedure, physician or home infusion therapy, rehabilitation,
psychodiagnostic testing, or radiation oncology for either treatment or
medical purposes in which I or any member of my immediate family has a
financial interest with the personnel and/or entity receiving this referral.
The evaluation was performed and the time spent performing such evaluation
was in compliance with the guidelines established by the Industrial Medical
Council or the Administrative Director pursuant to paragraph (5) of
subdivision (j) of Section 139.2.

I further declare under penalty of perjury that I have not violated Labor
Code Section 139.3 of the California Labor Code, in that I have not offered,
delivered, received, or accepted any rebate, refund, commission, preference,
patronage dividend, discount or other consideration, whether in the form of
money or otherwise, as compensation or inducement for any referred
examination or evaluation. This foregoing declaration is signed in the County
of Los Angeles on this date  1/17/22 .

Sincerely,

STEVEN B. SILBART, M.D.
Diplomate of the American Board of Orthopedic Surgery
Fellow of the American Academy of Orthopedic Surgeons
Fellow of the American College of Surgeons
Qualified Medical Examiner, State of California

SBS:smz

Enc

cc:   DEPARTMENT OF INDUSTRIAL RELATIONS
      Office of the Director – Legal Unit
      320 W. 4th Street, Room 600
      Los Angeles, CA 90013

      Attention: Sara Ahn

**Applicant's Attorney or Authorized Representative:**

☒ Law Firm/Attorney     ☐ Non Attorney Representative

MARTIN
First Name

TENNENHOUSE
Last Name

5296 302
Law Firm Number

TENNENHOUSE, MISASSIAN & ADHAM
Law Firm Name

1101 N. PACIFIC AVENUE, SUITE 300
Address/PO Box (Please leave blank spaces between numbers, names or words)

GLENDALE                                            CA       91202
City                                                State    Zip Code

**Defendant's Attorney or Authorized Representative:**

☐ Law Firm/Attorney     ☐ Non Attorney Representative

First Name

Last Name

Law Firm Number

Law Firm Name

Address/PO Box (Please leave blank spaces between numbers, names or words)

City                                                State    Zip Code

**Insurance Carrier Information (if known and if applicable - include even if carrier is adjusted by claims administrator)**

Insurance Carrier Name (Please leave blank spaces between numbers, names or words)

Insurance Carrier Street Address/PO Box (Please leave blank spaces between numbers, names or words)

City                                                State    Zip Code

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 2 of 9)

**Claims Administrator Information (if known and if applicable)**

UNINSURED EMPLOYERS BENEFITS TRUST FUND
Name (Please leave blank spaces between numbers, names or words)

P.O. BOX 429397
Street Address/PO Box (Please leave blank spaces between numbers, names or words)

SAN FRANCISCO                                     CA      94142
City                                             State    Zip Code

**IT IS CLAIMED THAT:**

1. The injured employee, born  07/01/1961  , alleges that while employed as a(n)
                              (DATE OF BIRTH: MM/DD/YYYY)

CABINET MAKER                                              , sustained injury
                    (OCCUPATION AT THE TIME OF INJURY)

arising out of and in the course of employment at the locations and during the dates listed below:

(State with specificity the date(s) of injury(ies) and what part(s) of body, conditions or systems are being settled.)

☒ Specific Injury

UEF6822028                        2-5-2009
Case Number 1          ☐ Cumulative Injury    (Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)
                                  (If Specific Injury, use the start date as the specific date of injury)

| | | |
|---|---|---|
| Body Part 1: RIGHT UPPER EXTREMITIES | Body Part 2: RIGHT HAND | Body Part 3: RIGHT FINGERS |
| Body Part 4: PSYCHE | Other Body Parts: MULTIPLE; SLEEP DISORDER; INTERNAL; NEURO; AND SPINE | |

The injury occurred at 11000 RANDALL STREET, SUITE D
                        (Street Address/PO Box - Please leave blank spaces between numbers, names or words)

SUN VALLEY                        CA      91352       .
          City                  State    Zip Code
Body parts, conditions and systems may not be incorporated by reference to medical reports.

DWC-CA form 10214 (c) (Rev. 11/2008) (Page 3 of 9)

☐ Specific Injury

_____    ☐ Cumulative Injury    _____    _____
Case Number 2                                      (Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)
                                                   *(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: __???__    Body Part 2: _____    Body Part 3: _____

Body Part 4: _____    Other Body Parts: _____

The injury occurred at _____
                            (Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____ .
          City                State      Zip Code
Body parts, conditions and systems **may not be** incorporated by reference to medical reports.

☐ Specific Injury

_____    ☐ Cumulative Injury    _____    _____
Case Number 3                                      (Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)
                                                   *(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: _____    Body Part 2: _____    Body Part 3: _____

Body Part 2: _____    Other Body Parts: _____

The injury occurred at _____
                            (Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____ .
          City                State      Zip Code
Body parts, conditions and systems **may not be** incorporated by reference to medical reports.

☐ Specific Injury

_____    ☐ Cumulative Injury    _____    _____
Case Number 4                                      (Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)
                                                   *(If Specific Injury, use the start date as the specific date of injury)*

Body Part 1: _____    Body Part 2: _____    Body Part 3: _____

Body Part 4: _____    Other Body Parts: _____

The injury occurred at _____
                            (Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____    _____    _____ .
          City                State      Zip Code
Body parts, conditions and systems **may not be** incorporated by reference to medical reports.

☐ Specific Injury

Case Number 5      ☐ Cumulative Injury      (Start Date: MM/DD/YYYY) _____ (End Date: MM/DD/YYYY) _____
(If Specific Injury, use the start date as the specific date of injury)

Body Part 1: _____  Body Part 2: _____  Body Part 3: _____

Body Part 4: _____  Other Body Parts: _____

The injury occurred at _____
(Street Address/PO Box - Please leave blank spaces between numbers, names or words)

_____
City                State        Zip Code

Body parts, conditions and systems <u>may</u> not be incorporated by reference to medical reports.

2. Upon approval of this compromise agreement by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge and payment in accordance with the provisions hereof, the employee releases and forever discharges the above-named employer(s) and insurance carrier(s) from all claims and causes of action, whether now known or ascertained or which may hereafter arise or develop as a result of the above-referenced injury(ies), including any and all liability of the employer(s) and the insurance carrier(s) and each of them to the dependents, heirs, executors, representatives, administrators or assigns of the employee. Execution of this form has no effect on claims that are not within the scope of the workers' compensation law or claims that are not subject to the exclusivity provisions of the workers' compensation law, unless otherwise expressly stated.

3. This agreement is limited to settlement of the body parts, conditions, or systems and for the dates of injury set forth in Paragraph No. 1 and further explained in Paragraph No. 9 despite any language to the contrary elsewhere in this document or any addendum.

4. Unless otherwise expressly stated, approval of this agreement RELEASES ANY AND ALL CLAIMS OF APPLICANT'S DEPENDENTS TO DEATH BENEFITS RELATING TO THE INJURY OR INJURIES COVERED BY THIS COMPROMISE AGREEMENT. The parties have considered the release of these benefits in arriving at the sum in Paragraph 7. Any addendum duplicating this language pursuant to Sumner v WCAB (1983) 48 CCC 369 is unnecessary and shall not be attached.

5. Unless otherwise expressly ordered by the Workers' Compensation Appeals Board or a workers' compensation administrative law judge, approval of this agreement does not release any claim applicant may have for vocational rehabilitation benefits or supplemental job displacement benefits.

6. The parties represent that the following facts are true: (If facts are disputed, state what each party contends under Paragraph No. 9.)

EARNINGS AT TIME OF INJURY $ _____

TEMPORARY DISABILITY INDEMNITY PAID 0.00_____   Weekly Rate $ _____

Period(s) Paid _____   _____
(Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)

PERMANENT DISABILITY INDEMNITY PAID 0.00_____   Weekly Rate $ _____

Period(s) Paid _____   End date _____
(Start Date: MM/DD/YYYY)        (End Date: MM/DD/YYYY)

TOTAL MEDICAL BILLS PAID $ _____   Total Unpaid Medical Expense to be Paid By: _PER PARA 8_

Unless otherwise specified herein, the employer will pay no medical expenses incurred after approval of this agreement.

7. The parties agree to settle the above claim(s) on account of the injury(ies) by the payment of the SUM OF

$ 54,000.00
        Settlement Amount

The following amounts are to be deducted from the settlement amount:

$ 0.00      for permanent disability advances through_____

$ 0.00      for temporary disability indemnity overpayment, if any.

$ 0.00      payable to _____

$ 0.00      payable to _____

$ 0.00      payable to _____

$ 0.00      payable to _____

$ 8,100.00      requested as applicant's attorney's fee.

LEAVING A BALANCE OF $ 45,900.00 , after deducting the amounts set forth above and less further permanent disability advances made after the date set forth above. Interest under Labor Code section 5800 is included if the sums set forth herein are paid within 30 days after the date of approval of this agreement.

8. Liens not mentioned in Paragraph No. 7 are to be disposed of as follows (Attach an addendum if necessary):

DEFENDANT TO PAY, ADJUST, OR LITIGATE ANY TIMELY FILED LIENS AS FOLLOWS FOR WHICH FILING/ACTIVATION FEE HAS BEEN PAID:


A NATURAL HEALING CENTER TOLUCA LAKE
DELTA INTERPRETING SERVICES PASADENA

9. The parties wish to settle these matters to avoid the costs, hazards and delays of further litigation, and agree that a serious dispute exists as to the following issues (initial only those that apply). ONLY ISSUES INITIALED BY APPLICANT OR HIS/HER REPRESENTATIVE AND DEFENDANTS, REPRESENTATIVES ARE INCLUDED WITHIN THIS SETTLEMENT.

| Applicant | Defendant | |
|---|---|---|
| *RB* | _____ | earnings |
| *RB* | _____ | temporary disability |
| *RB* | _____ | jurisdiction |
| *RB* | _____ | apportionment |
| *RB* | _____ | employment |
| *RB* | _____ | injury AOE/COE |
| *RB* | _____ | serious and willful misconduct |
| *RB* | _____ | discrimination (Labor Code §132a) |
| *RB* | _____ | statute of limitations |
| *RB* | _____ | future medical treatment |
| *RB* | _____ | other RETRO TTD BENEFITS, MILEAGE/PARKING, OUT-OF-POCKET EXPENSES, SJDB BENEFITS _____ |
| *RB* | _____ | permanent disability _____ |
| *RB* | _____ | self-procured medical treatment, except as provided in Paragraph 7 |
| _____ | _____ | vocational rehabilitation benefits/supplemental job displacement benefits |

COMMENTS:

PAYMENT FROM THE UNINSURED EMPLOYERS BENEFITS TRUST FUND (UEBTF) IS CONTINGENT UPON THE AVAILABILITY OF FUNDS TO PAY THIS CLAIM AND THE AUTHORITY TO MAKE PAYMENTS.  UEBTF SHALL BE ENTITLED TO REIMBURSEMENT FROM ALL DEFENDANTS FOR ALL COSTS, WHETHER PAID OR TO BE PAID, INCLUDING BUT NOT LIMITED TO COSTS, BENEFITS, AND LIENS FROM THE DATE OF THE ORDER APPROVING THE COMPROMISE AND RELEASE.

THIS SETTLEMENT IS BASED ON AME DR. STEVEN SILBART'S REPORTS DATED 1-17-2022 AND 1-5-2021.

Any accrued claims for Labor Code section 5814 penalties are included in this settlement unless expressly excluded.

10. It is agreed by all parties hereto that the filing of this document is the filing of an application, and that the workers' compensation administrative law judge may in its discretion set the matter for hearing as a regular application, reserving to the parties the right to put in issue any of the facts admitted herein and that if hearing is held with this document used as an application, the defendants shall have available to them all defenses that were available as of the date of filing of this document, and that the workers' compensation administrative law judge may thereafter either approve this Compromise and Release or disapprove it and issue Findings and Award after hearing has been held and the matter regularly submitted for decision.

WARNING TO EMPLOYEE: SETTLEMENT OF YOUR WORKERS' COMPENSATION CLAIM BY COMPROMISE AND RELEASE MAY AFFECT OTHER BENEFITS YOU ARE RECEIVING TO WHICH YOU BECOME ENTITLED TO RECEIVE IN THE FUTURE FROM SOURCES OTHER THAN WORKERS' COMPENSATION, INCLUDING BUT NOT LIMITED TO SOCIAL SECURITY, MEDICARE AND LONG-TERM DISABILITY BENEFITS.

**THE APPLICANT'S (EMPLOYEE'S) SIGNATURE MUST BE ATTESTED TO BY TWO DISINTERESTED PERSONS OR ACKNOWLEDGED BEFORE A NOTARY PUBLIC**

By signing this agreement, applicant (employee) acknowledges that he/she has read and understands this agreement and has had any questions he/she may have had about this agreement answered to his/her satisfaction.

Witness the signature hereof this _____ day of _____ , _____ at _____

| | |
|---|---|
| _____ | _____ |
| Witness 1                    (Date) | Applicant (Employee)            2/16/22 (Date) |
| _____ | _____ |
| Witness 2                    (Date) | Attorney for Applicant          (Date) |
| _____ | _____ |
| Interpreter                  (Date) | Attorney for Defendant          (Date) |
| | _____ |
| | Attorney for Defendant          (Date) |
| | _____ |
| | Attorney for Defendant          (Date) |
| | _____ |
| | Attorney for Defendant          (Date) |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
450 N. Brand Blvd., Suite 600, Glendale, CA 91203.

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT FOR: § 523(a)(2)(A); and
§ 727 (a)(4)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/15/2022        , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sevan Gorginian     sevan@gorginianlaw.com, 2486@notices.nextchapterbk.com;ani@gorginianlaw.com
- Roland H Kedikian     roland@kedikian.com, g2547@notify.cincompass.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Edward M Wolkowitz (TR)     emwtrustee@lnbyg.com, ecf.alert+Wolkowitz@titlexi.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)                , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/15/2022 | Ani Minasyan | /s/Ani Minasyan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.